# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Phillip D. Jones,<br><br>    Petitioner,<br><br>v.<br><br>Denise Wilson, Warden,<br><br>    Respondent. | Civ. No. 13-2208 (JNE/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Phillip D. Jones, 12833-026, FCI-Sandstone, P.O. Box. 1000, Sandstone, MN 55072, *pro se*.

Deidre Y. Aanstad, Esq., Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This action is before the Court on a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Doc. No. 1 ("the Petition")). Petitioner Phillip D. Jones is currently in the custody of the United States Bureau of Prisons ("BOP") and is confined at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). Mr. Jones claims that the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), announced a substantive rule that should be applied retroactively to his 1994 conviction, and accordingly, that the District Court for the Central District of Illinois erred in its determination that he was a career offender for sentencing

purposes. Ultimately, Jones asks the Court to issue an Order finding that the District Court for the Central District of Illinois incorrectly applied the Sentencing Guidelines. The District Court has referred this matter to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. Because the Court does not have subject matter jurisdiction over Petitioner's § 2241 habeas petition, it is recommended that the Petition be dismissed.

## PROCEDURAL HISTORY AND BACKGROUND

Petitioner is currently serving a 240-month sentence based on his conviction for attempted unlawful delivery of a controlled substance. Following a jury trial in 2003, the Petitioner was convicted in the Central District of Illinois of possession with intent to distribute 500 or more grams of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). (Doc. No. 8, Government's Resp. to Pet'r's Mot. for Relief Under 28 U.S.C. § 2241 ("Resp. to Pet.")); *see also United States v. Jones*, Criminal Docket No. 02-CR-20014 (MPM) (C.D. Ill.). During sentencing, the District Court classified Petitioner as a career offender under USSG § 4B1.1 and sentenced him to 360 months imprisonment. *Id.* The Seventh Circuit Court of Appeals affirmed Petitioner's conviction in 2004 on direct appeal. *See United States v. Philip D. Jones*, 389 F.3d 753 (7th Cir. 2004).

On August 22, 2005, the Seventh Circuit Court of Appeals ordered a limited remand for consideration of the Petitioner's sentence consistent with its opinion in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005) (limited

remand necessary to permit sentencing judge to determine whether he would have imposed same sentence had he known that the Sentencing Guidelines were advisory, rather than mandatory). Subsequently, this mandate was modified by the Seventh Circuit Court of Appeals, which ordered a hearing consistent with *United States v. Booker*, 543 U.S. 220 (2005) (prohibiting upward sentencing guidelines adjustments based on judicial fact finding). After a hearing in the Central District of Illinois, Petitioner was re-sentenced to 240 months imprisonment. *United States v. Jones*, Criminal Docket No. 02-CR-20014 (MPM) (C.D. Ill.). The Seventh Circuit Court of Appeals re-affirmed Petitioner's conviction and sentence in 2006. *See United States v. Jones*, 188 Fed. Appx. 477 (7th Cir. 2006) (unpublished). In that appeal, the Seventh Circuit considered Petitioner's argument that the district court erred in classifying Petitioner as a career offender under USSG § 4B1.1 because he had at least two prior convictions for either a crime of violence or a controlled substance offense. At his initial sentencing Petitioner had objected to the use of a 1994 conviction for attempted delivery of a controlled substance, for which he served a two-year prison term, as one of the predicate offenses. The Seventh Circuit disposed of that argument as follows:

> In classifying Jones as a career offender, the district court took into account Jones's 1994 conviction for attempted delivery of a controlled substance and his 1999 conviction for possession of cannabis with the intent to deliver, both from Macon County, Illinois. According to counsel's brief, at his initial sentencing, Jones objected to the district court's consideration of the 1994 conviction. Although he admitted that he had served nearly

3

> two years in custody for that offense, and USSG § 4B1.2(b) (which defines the terms used in § 4B1.1) defines "a controlled substance offense" as any offense punishable by a term of imprisonment of more than one year, Jones argued that there was some error in the state court proceeding and that he should have been sentenced for a misdemeanor offense. As counsel notes in his *Anders* brief, Jones has probably waived this argument, because he did not raise any objection to the district court's consideration of the 1994 conviction at resentencing. Putting waiver or forfeiture to one side, we agree with counsel that any such argument would be frivolous. A "prior conviction is conclusive for purposes of recidivist sentencing." *Ryan v. United States,* 214 F.3d 877 (7th Cir. 2000). The fact is that Jones was convicted of a controlled substance offense punishable for a term exceeding one year, and we will not consider any challenges to the propriety of that conviction or sentence at this point.

188 Fed. Appx. at 478.

In October 2007, Petitioner brought a petition pursuant to 28 U.S.C. § 2255 in the District Court for the Central District of Illinois. *Jones v. United States*, Civil Docket No. 07-CV-02194 (MPM/DGB) (C.D. Ill.). In an order dated February 11, 2008, the district court dismissed the petition as untimely. *Id.* The Seventh Circuit denied a request for a certificate of appealability on July 21, 2008, after the defendant filed a notice of appeal. *Id.*

In late 2008, Petitioner filed a petition pursuant to 28 U.S.C. § 2254 in the District Court for the Central District of Illinois. *Jones v. Attorney General for the State of Ill.*, Civil Docket No. 08-CV-02299 (HAB/DGB) (C.D. Ill.). In an order dated September 28, 2009, the district court dismissed the petition as untimely. *Id.* The Seventh Circuit Court of Appeals dismissed Petitioner's appeal of this order on May 14, 2010. (Resp. to Pet. at 3.)

4

Petitioner next filed a motion under 28 U.S.C. § 2244 in the Seventh Circuit Court of Appeals for an order authorizing a second or successive application for relief under 28 U.S.C. § 2255. *Jones v. United States*, Docket No. 12-3907 (7th Cir.). On January 7, 2013, the Seventh Circuit Court of Appeals denied authorization to file a successive petition for relief under 28 U.S.C. § 2255. (Resp. to Pet. at 3.)

On August 14, 2013, Petitioner filed a petition pursuant to 28 U.S.C. § 2241, challenging his treatment as a career offender for sentencing purposes in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013). (Pet. at 3.) Petitioner states that he is filing under § 2241 instead of § 2255 because he "cannot satisfy the gatekeeping provisions of 28 U.S.C. § 2255." (Pet. at 4.)

## DISCUSSION

### I.     Legal Standard

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The purpose of habeas corpus is to allow "an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Motions pursuant to § 2241 must be brought in the district of confinement rather than the district that imposed the sentence. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). While § 2241 remains the mechanism through which prisoners may challenge the execution of a sentence, prisoners cannot use § 2241 to

challenge unlawful detentions that may be remedied under § 2255. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). "A petitioner who seeks to challenge his sentence or conviction must generally do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Id.* The requirement that a petitioner must first show that a remedy by motion to the sentencing court is inadequate or ineffective comes from the "savings clause" of § 2255:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

28 U.S.C. § 2255 (emphasis added). A petitioner has the burden of demonstrating that § 2255 relief in his or her sentencing court would be inadequate or ineffective. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). And "[a] district court does not have subject matter jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it . . . appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.'" *Desimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255).

Section 2255 does not define the terms "inadequate or ineffective" as used in the savings clause. However, courts have interpreted the phrase very narrowly. To show that the remedy by motion is inadequate or ineffective, the

6

petitioner cannot rely on the fact that there is a procedural barrier to bringing a § 2255 motion, such as a remedy being time-barred, and the petition cannot be based on the assertion that the claim was previously raised and rejected in a § 2255 motion. *See Abdullah*, 392 F.3d at 959; *Hill*, 349 F.3d at 1091–92; *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). Nor is a motion under § 2255 inadequate or ineffective, thereby allowing a prisoner to bring his challenge in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." *Abdullah*, 392 F.3d at 963; *see also Hill*, 349 F.3d at 1092 (stating that a § 2255 motion is not an inadequate or ineffective remedy where the petitioner had "at least two opportunities to raise [his] argument before the sentencing district").

On the other hand, "[a] federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Lapsley v. United States*, Civ. No. 11-20 (RHK/JSM), 2012 WL 2904766, at *7 (D. Minn. June 6, 2012). But this does not simply mean that a prisoner can turn to § 2241 whenever the limitations that § 2255 places on the filing of motions collaterally attacking his conviction or sentence prevent him from obtaining relief. *Davenport*, 147 F.3d at 608 (indicating that such a result would "nullify the limitations" of § 2255). In *Davenport*, for example, one of the petitioners, Nichols, showed that the savings clause applied and that he could

bring his petition under § 2241 collaterally attacking his conviction under the following circumstances: (1) he had filed a previous motion under § 2255; (2) there was a change in the statute under which he was convicted after he filed his first § 2255 motion, and that change was not a new rule of constitutional law (had it been a new constitutional rule, he might have been able to bring a second motion in the sentencing court under § 2255(h)(2)); (3) the change in the law retroactively applied to his case; and (4) the change in the law clarified an issue of statutory interpretation that created a possibility that he was convicted of a nonexistent offense.  *See id.* at 610–12; *see also Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (explaining that the savings clause of §2255 applies to a claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion").

## II.    Analysis

As he did in his prior post-conviction motions with the Seventh Circuit Court of Appeals, Petitioner in this habeas action seeks to modify his sentence imposed pursuant to U.S.S.G. § 4B1.1 because, he argues, the district court erred in determining that he was a career offender.  Petitioner relies on the Supreme Court's decision in *Descamps* to support his claim that the district court employed an invalidated procedure when classifying him as a career offender.

Petitioner argues that the savings clause applies here because: (a) the Supreme Court decision in *Descamps* in June 2013 supports his claim that he is being illegally detained because his prior controlled substance conviction was not a qualifying offense for purposes of career-offender enhancement; and (b) a § 2255 motion in the sentencing court would be inadequate or ineffective because a *Descamps* issue could not have been raised in his direct appeal or in a timely § 2255 motion in the sentencing court.

A.  ***Descamps***

In *Descamps*, the Court explained that sentencing courts apply either a "categorical approach" or a "modified categorical approach" when determining whether an offense, including "burglary, arson, or extortion," qualifies as a violent felony for purposes of the Armed Career Criminal Act's career offender provision, 133 S. Ct. at 2281–82.  Under the categorical approach, sentencing courts simply compare the elements of the statute under which the defendant was convicted to the "generic offense" (as defined by common law) to see whether the elements of the statutory offense are the same as, or narrower than, those of the generic offense.  If the elements match, the prior offense can be used as a predicate offense for career-offender determination, but if they do not, the prior offense cannot be used to deem the defendant a career offender.  *Descamps*, 133 S. Ct. at 2281.  Under this "categorical approach" the analysis does not extend beyond examining the statutory elements of the crime of conviction and comparing them to the elements of the generic offense.  Under the "modified

categorical approach," sentencing courts are permitted to go beyond the statute itself and to consult a limited class of documents, such as an indictment, jury instructions, or a plea agreement, to determine whether the defendant committed an offense that matches the generic offense.  This modified categorical approach is only permitted, however, when the prior conviction is one for violating a "divisible statute" that sets out one or more elements of the offense in the alternative, such that one alternative matches the generic offense, but the other does not.  *Id.*  As an example of such a divisible statute, the Court discussed a burglary law that criminalizes entry into a building *or* an automobile.  *Id.*

In *Descamps* the Court was called upon to consider whether sentencing courts could appropriately invoke the modified categorical approach when the predicate offense involved a conviction under an "indivisible" statute that criminalizes a "broader swath of conduct than the relevant generic offense."  *Id.* at 2281–82.  Specifically, *Descamps* involved sentencing a federal defendant as a career offender based on a prior conviction under a California burglary statute that criminalized entry into a building but did not require that entry to be unlawful.  *Id.* at 2282 (discussing the broader swath of conduct covered by the California burglary law at issue).  Because the generic crime of burglary requires unlawful entry, the elements of the California statute did not match the generic burglary offense.  The Court held that in such a case the sentencing courts may not resort to the modified categorical approach, and may only compare the elements of the statute to that of the generic crime to determine whether they match.  *Id.* at 2282.

The sentencing court should not, for example, have examined Descamps' burglary conviction record to determine whether he had actually unlawfully entered the premises he burglarized.

Parsing out Petitioner's argument about the application of *Descamps* to his case, he appears to be arguing that the federal sentencing court mistakenly applied a modified categorical approach when it looked beyond the nature of the 1994 offense for which he was convicted (which he insists was a misdemeanor offense of attempting to distribute less than one gram of a controlled substance) and examined the actual punishment term imposed--a two year term. The Petitioner contends that the sentencing court should have taken the categorical approach and limited its inquiry to whether his 1994 conviction was for a controlled substance offense "punishable by imprisonment for a term exceeding one year." USSG § 4B1.2(b). The sentencing court should not have looked at his actual punishment of two years' imprisonment, but only whether his crime (attempt to sell a small amount of an illegal drug) was punishable by a term of imprisonment of less than one year. The sentencing court's approach, according to Petitioner, was at odds with *Descamps*, but he could not have taken advantage of *Descamps* at his sentencings, on direct appeal, or in a § 2255 motion, in a timely fashion, because *Descamps* was not decided until 2013.

There is, however, a fundamental flaw in Petitioner's argument. That is, *Descamps* does not purport to adopt a new rule of law. In *Descamps* the Supreme Court was applying its existing precedent to determine that in the case

11

before it the lower courts had erred when they applied the modified categorical approach instead of the categorical one.  The result in *Descamps* is one dictated by prior precedent.   *Descamps* did not break with the past to adopt a change in the law.  133 S.Ct. at 2283 ("Our caselaw explaining the categorical approach and its 'modified' counterpart all but resolves this case.")  At best, Petitioner's claim here is that the federal sentencing court got it wrong when it used a modified categorical approach to classify him as a career offender on the basis of his 1994 conviction, but there is no basis to conclude that any such alleged mistake in sentencing now entitles Petitioner to the extraordinary remedy of habeas relief.

B.    **Savings Clause**

With this background in mind, we move to the dispositive issue:  i.e. whether or not the Petition should be denied because Petitioner cannot sustain the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  The "[c]ourts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."  *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  A § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied, or because petitioner has been denied permission to file a second or successive § 2255 motion, or because a second or successive § 2255 motion has been dismissed, or because petitioner has allowed the one-year statute of limitations to expire.

*Abdullah*, 392 F.3d at 959; *Lurie*, 207 F.3d at 1077. The reasoning behind this is clear:

> To hold otherwise would flout Congress's obvious intent to give meaning to these procedural requirements. A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions.

*Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000).

The Eleventh Circuit in *Williams v. Warden, Federal Bureau of Prisons*, explained that, to be inadequate or ineffective, two conditions must be met:

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

*Williams*, 713 F.3d 1332, 1343 (11th Cir. 2013). The court explained that "[t]he reason [for] this requirement is that, if an issue had not been decided against a petitioner's position by prior precedent at the time of his first § 2255 motion, then that motion would have been an adequate procedure for testing his claim." *Id.* at 1347.

As discussed above, *Descamps* is not a Supreme Court decision that "overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." *Id.* at 1343. Petitioner had an adequate opportunity to raise his

13

sentencing claim. He took advantage of that opportunity, but his claim was rejected by the Seventh Circuit. *Jones*, 188 Fed. Appx. 477 at 478. This is not one of the extraordinary cases in which the failure to allow collateral review "would raise serious constitutional questions," such as one where the Petitioner asserts a viable claim of actual innocence of the federal crime of conviction, that might arise, for example, where after the federal prisoner is convicted, and after his § 2255 motion is adjudicated, the Supreme Court interprets the scope of the federal statute under which he was convicted to not reach the conduct for which he was convicted. *Triestman v. United States*, 124 F.3d 361, 378 (2d Cir. 1997).

Moreover, claims related to the application of Sentencing Guidelines are not cognizable under either § 2255 or § 2241. The Eighth Circuit has repeatedly held that "ordinary questions of guideline interpretation falling short of the miscarriage of justice standard do not present a proper section 2255 claim." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (*en banc*) (*quoting Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *see also United States v. Meirovitz*, 688 F.3d 369, 372 (8th Cir. 2012), *cert. denied* 133 S. Ct. 1248 (2013).

The savings clause is jurisdictional in nature. *See Hill*, 349 F.3d at 1091 (the savings clause "provides the court of incarceration as having subject matter jurisdiction over a collateral attack on a conviction or sentence"); *see also Williams*, 713 F.3d at 1340 ("In short, in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts."); *DeSimone*, 805

F.2d at 323 (8th Cir. 1986) (explaining that a district court has subject matter jurisdiction over issues concerning another court's sentencing only where it "appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality" of an inmate's detention). Therefore, Petitioner's j§ 2241 claim in this case must be dismissed because the savings clause does not apply, and as a result, the court does not have subject matter jurisdiction.

## RECOMMENDATION

Based on the above, and on all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition (Doc. No. 1), be **DENIED**; and

2. This action be **DISMISSED WITH PREJUDICE**.


Dated: March 26, 2014

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge


Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 10**, **2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.