UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Phillip D. Jones,

        Petitioner,

v.                                                           Civil No. 13-2208 (JNE/JJK)
                                                           ORDER

Denise Wilson, Warden,

        Respondent.

---

In a Report and Recommendation dated March 26, 2014, the Honorable Jeffrey J. Keyes, United States Magistrate Judge, recommended that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied. Petitioner objected to the Report and Recommendation and the Government responded. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court agrees with the Magistrate Judge's conclusion that this Court lacks subject matter jurisdiction over the Petition.

The Report reviews the relevant law on subject matter jurisdiction. *See* Docket No. 11 at 5-8. It is well established that "[a] petitioner who seeks to challenge his sentence or conviction generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective." *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004); *see also DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (confirming the lack of subject matter jurisdiction over a § 2241 petition unless it appears that a § 2255 petition in the sentencing court would have been inadequate or ineffective to test the legality of the petitioner's detention). Under certain circumstances, a change in the prevailing law that is made retroactive may allow for an exercise of jurisdiction over a § 2241 petition. *See In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

1

In objecting to the Report and Recommendation, Petitioner again invokes the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), as representing a change in the law that makes consideration of his § 2241 petition proper.  But *Descamps* does not apply to Petitioner's case.  In *Descamps* the Supreme Court confirmed that in assessing prior convictions for purposes of 18 USCS § 924(e) of the Armed Career Criminal Act, only the "elements of the statute forming the basis of the defendant's conviction [should be compared] with the elements of the 'generic' crime—i.e., the offense as commonly understood," without reference to facts about the defendant's conduct, "when the crime of which the defendant was convicted has a single, indivisible set of elements."  133 S. Ct. at 2281-82.

Petitioner contends that his present imprisonment is the result of a sentence in which a "career offender enhancement" under the sentencing guidelines was wrongly applied by the District Court for the Central District of Illinois.  *See* Docket No. 12 at 1.  In particular, Petitioner takes the position that a 1994 state conviction for attempted unlawful delivery of a controlled substance should not have counted as one of the "two prior felony convictions[1] of either a crime of violence or a controlled substance offense" that counted against him under U.S.S.G. § 4B1.1 and qualified him as a "career offender."  Nothing in Petitioner's submissions, however, suggests that the sentencing court looked beyond any statutory elements in assessing his 1994 conviction in a manner that might implicate *Descamps*.  In 1994, Petitioner pled guilty to an attempt to commit the offense of "Unlawful Delivery of Controlled Substance, in violation of Illinois Compiled Statutes, Chapter 720, Section 570/401(d)."  *See* Docket No. 1-1.  By its terms, a violation of section 570/401(d) constitutes a Class 2 felony.  720 Ill. Comp. Stat. §

---

[1] The commentary to U.S.S.G. §4B1.1 explains that "'prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."

2

570/401(d). In addressing the sentence for an attempt, the statute further provides that "the sentence for attempt to commit a Class 2 felony is the sentence for a Class 3 felony." *Id.* at § 5/8-4(c)(4).[2] A Class 3 felony is punishable by a term of imprisonment that meets the definition of a "felony" for purposes of U.S.S.G. § 4B1.1. *See* 730 Ill. Comp. Stat. § 5/5-4.5-40.

Thus the sentencing judge did not need to look at any facts outside of the statutory provisions for the crime to which Petitioner pled guilty to delineate the 1994 conviction as a predicate offense. *Descamps* is therefore inapplicable to Petitioner's case. Even if it were implicated, *Descamps* would not provide a basis for jurisdiction over the Petition for the reasons stated in the Magistrate Judge's Report and Recommendation [Docket No. 11], which the Court adopts. Therefore, IT IS ORDERED THAT:

1. The Petition for a Writ of Habeas Corpus [Docket No. 1] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 9, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] Petitioner submitted a copy of 720 Ill. Comp. Stat. § 5/8-4 with subsection (c)(5)—which references a misdemeanor—highlighted. But that provision does not apply to him. Rather the relevant provision is (c)(4), as noted above.